1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   PAUL L. WARNER (Bar No. 54757), pwarner@jmbm.com
2  J. T. WELLS BLAXTER (Bar No. 190222), wblaxter@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California  94111-3824
   Telephone:    (415) 398-8080
4  Facsimile:    (415) 398-5584

5  Attorneys for Defendants
   FOREVER 21, INC., FOREVER 21
6  RETAIL, INC., FOREVER 21 LOGISTICS,
   LLC, AND FOREVER XXI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| bebe stores, inc., a California corporation; and bebe studio, inc. a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>forever 21, Inc., a Delaware corporation; forever 21 Retail, Inc. a California corporation; forever 21 Logistics, LLC, a Delaware limited liability company; and forever XXI, Inc., a California corporation,<br><br>Defendants. | CASE NO.    C 07 00035<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      April 10, 2007<br>Time:      2:00 p.m.<br>Crtm.:     11, 19th Floor<br>Judge:     Hon. Martin J. Jenkins |

**I.    JURISDICTION AND SERVICE**

This is an action for alleged infringement of United States Copyright Registrations pursuant to 17 U.S.C. §§ 101 et seq, violations of Business and Professions Code section 17200 et seq. and for tortuous interference with prospective economic advantage. The Court has original subject matter jurisdiction of the copyright claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367. There are no issues regarding personal jurisdiction or venue. There are no other parties to be served at this time.

## II. FACTS

The complaint alleges defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, and Forever XXI, Inc. (collectively "Forever 21") infringed upon eight copyrighted women's dress designs owned by defendants bebe stores, inc. or bebe studios, inc (collectively "bebe"). bebe also alleges that Forever 21 "knocked-off" 20 other women's dress designs in violation of state law. Forever 21 filed its answer on February 22, 2007 denying the substantive allegations of each cause of action in the complaint. The principal factual issues in dispute will include the foundation of each of bebe's claims, including, the basis of each of the Copyright Registrations filed by bebe upon which Forever 21 allegedly infringed.

## III. LEGAL ISSUES

A. Forever 21 contends the following legal issues are disputed:

1. Whether bebe's state law claims are preempted by federal law;

2. Whether the "extrinsic test" for similarity with respect to the copyright claims been or can be met. See *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977);

3. Whether bebe's ownership of each of the Copyrights Registrations attached to the complaint is valid.

B. bebe has not identified any separate disputed legal issues:

## IV. MOTIONS

There has been no motion practice to date. Forever 21 is evaluating a motion for summary judgment regarding the preemption of plaintiff's state law claims.

## V. AMENDMENT OF PLEADINGS

bebe anticipates that it will amend its complaint and will move to do so no later than May 8, 2007.

## VI. EVIDENCE PRESERVATION

The parties have discussed issues relating the preservation of all evidence, including electronically stored information. The parties have taken the necessary steps to ensure that no electronic evidence relevant to issues reasonably evident in this lawsuit will be destroyed.

## VII. DISCLOSURES

The parties have generally discussed the content of these initial disclosures and have agreed to exchange their initial disclosures before the close of business on April 6, 2007.

## VIII. DISCOVERY

No discovery has been taken to date.

The parties have agreed to exchange initial disclosures before the close of business on April 6, 2007.

Forever 21 will need to conduct discovery regarding the basis and validity of the Certificates of Registration attached to the complaint, the basis for plaintiffs' state law claims, the basis and extent of plaintiffs' claims for damages.

bebe will conduct discovery regarding Forever 21's intentional copyright infringement, violations of Business and Professions Code section 17200 et seq., tortuous interference with prospective economic advantage, common law misappropriation and conspiracy to commit copyright infringement, unfair competition, tortious interference, and misappropriation.

The parties have agreed to first produce hard copies of documents and electronic documents in "petrified" form (i.e., .pdf or .tiff). Either party may, after reviewing the documents produced, request a copy of documents in its native format, including the production of metadata.

The parties have agreed that a protective order is necessary to prevent dissemination of proprietary and confidential information, including the identification of vendors and manufacturers. The parties are cognizant of this Court's standing order regarding protective orders and are in the process of drafting a "double-decker" protective order, including a provision that some of the information produced be for "Attorneys' Eyes Only."

At this time, neither party feels that a clawback agreement is necessary. Rather, the parties agree that if a privileged document is inadvertently produced, its return to the producing party shall be governed by controlling law. The parties have not identified the need to diverge from the limitations on discovery imposed by the Federal Rules of Civil Procedure; if such a need arises, the parties are confident that a resolution can be reached among the parties.

Forever 21 believes it can complete all of its discovery by December 31, 2007.

bebe believes that it can complete discovery by May 2, 2008. bebe also believes that completing discovery prior to that time will be difficult in light of the anticipated need for discovery from foreign jurisdictions.

### IX. CLASS ACTIONS

Not applicable.

### X. RELATED CASES

There are no related cases at this time.

### XI. RELIEF

In addition to its costs, attorneys' fees, expert witnesses' fees, and damages set forth in its Complaint, which are incorporated herein by reference, bebe continues its investigation of additional damages that it may have suffered or continues to suffer do to Forever 21's ongoing unlawful activities. Therefore, at the present time, bebe cannot compute its damages, which include, but are not limited to, the following:

**A. Copyright infringement**

1. An award of bebe's actual damages and any additional profits of forever 21. *See*, *e.g*., 17 U.S.C. § 504; *Wall Data, Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 786 (9th Cir. 2006).

2. An award of additional damages to bebe based on forever 21's willful infringement. *See*, *e.g*., 17 U.S.C. § 504.

3. An award of statutory damages to bebe. *See*, *e.g*., 17 U.S.C. § 504.

4. An award of bebe's attorneys' fees, expenses and costs, including, but not limited to, expert witnesses' fees. *See*, *e.g*., 17 U.S.C. § 505.

**B. Unfair competition under California law**

1. An award of restitution to bebe. *See*, *e.g*., Cal. Bus. & Prof. Code § 17203; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1151-52 (2003).

2. An award of bebe's attorneys' fees, expenses and costs, including, but not limited to, expert witnesses' fees. *See*, *e.g*., Cal. Code Civ. Pro. § 1021.5; *Cel-Tech Commc'ns, Inc. v. Los*

*Angeles Cellular Tel. Co.*, 20 Cal 4th 163, 179 (1999).

### C. Tortious interference with prospective business advantage

1. An award of compensatory damages to bebe. *See*, *e.g.*, *Bardis v. Oates*, 119 Cal. App. 4th, 1, 17 (2004).

2. An award of punitive damages to bebe for forever 21's aggravated, malicious, fraudulent, willful, and/or wanton conduct. *See*, *e.g.*, *Virtanen v. O'Connell*, 140 Cal. App. 4th 688, 721 (2006).

## XII. SETTLEMENT AND ADR

The parties have stipulated to a referral to Early-Neutral Evaluation. Forever 21 believes that an immediate referral to Early Neutral Evaluation might help frame some of the issues set forth herein and lead to possible settlement of this action. Bebe is prepared to serve discovery within the next 7-10 days and believes that Forever 21's timely responses to that discovery will be essential to have a meaningful Early Neutral Evaluation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Neither of the parties consent to the assignment to a magistrate judge to conduct all further proceedings.

## XIV. OTHER REFERENCES

Neither of the parties believe this action is suitable for referral to binding arbitration, a special master, or the Judicial Panel of Multidistrict Litigation.

## XV. NARROWING OF ISSUES:

As discussed above, Forever 21's motion for summary judgment based upon the preemption of Plaintiffs' state law claims would significantly reduce the amount of discovery necessary.

## XVI. EXPEDITED SCHEDULE

Forever 21 would like to resolve as many of Plaintiffs' copyright claims as possible short of full-blown litigation. It may well be that Forever 21 will agree to cease selling some of the allegedly copyrighted dress designs in exchange for a dismissal with prejudice of this action.

## XVII. SCHEDULING

bebe believes that this matter will be ready for trial by September, 2008, and defers to this Court's scheduling practice to set deadlines that will be derived from that trial date. Forever 21 believes this matter will be ready for trial by May 2008, and defers to this Court's scheduling practice to set deadlines that will be derived from that trial date.

## XVIII. TRIAL

Plaintiffs have demanded a trial by jury.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Forever 21 has filed its Certification in Interested Parties or Persons."

bebe avers that, to the best of its knowledge, there exist no non-party interested entities or persons.

## XX. OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

Other than those issues discussed above, none at this time.

DATED: April 3, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP
PAUL L. WARNER
J. T. WELLS BLAXTER

By: _____/S/_____

Attorneys for Defendant Forever 21, Inc.

DATED: April 3, 2007

BRYAN CAVE LLP
SEAN K. MCELENNEY

By: _____/S/_____

Attorneys for Plaintiffs bebe stores, inc. and bebe studio, inc.

565111v1

- 6 -