BRYAN CAVE LLP
Sean K. McElenney, 160988
George C. Chen, 019704
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Email: skmcelenney@bryancave.com
Email: gcchen@bryancave.com

Attorney for Plaintiffs
bebe stores, inc. and bebe studio, inc.

*(margin, vertical)* BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| bebe stores, inc., a California corporation; and bebe studio, inc., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> forever 21, Inc., a Delaware corporation; forever 21 Retail, Inc., a California corporation; forever 21 Logistics, LLC, a Delaware limited liability company; forever XXI, Inc., a California corporation; and For Love 21, <br><br> Defendants. | Case No. C07 0035 MJJ <br><br> **AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, MISAPPROPRIATION, LANHAM ACT VIOLATIONS, REVERSE PALMING OFF, UNFAIR COMPETITION, CONSPIRACY, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND BREACH OF CONTRACT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge:      Hon. Martin J. Jenkins <br><br> Date: <br> Time: <br> Dept.: <br><br> Action Filed: 01/04/07 |

1    Plaintiffs, bebe stores, inc. and bebe studio, inc. (collectively, "bebe"), for its

2    amended complaint against forever 21, Inc., forever 21 Retail, Inc., forever 21 Logistics,

3    LLC, forever XXI, Inc. and For Love 21, alleges as follows:

### PARTIES

5    1.    bebe stores, inc. is a corporation organized and existing under the laws of

6    the State of California, with its principal place of business at 400 Valley Drive, Brisbane,

7    California 94005.

8    2.    bebe studio, inc. is a corporation organized and existing under the laws of

9    the State of California, with its principal place of business at 400 Valley Drive, Brisbane,

10   California 94005.

11   3.    forever 21, Inc. is a Delaware corporation, with its principal place of

12   business and executive offices at 2001 South Alameda Street, Los Angeles, California

13   90058. forever 21, Inc. is doing business throughout the State of California through its

14   retail stores and web sites, with multiple retail store locations in this District.

15   4.    forever 21 Retail, Inc. is a California corporation, with its principal place of

16   business and executive offices at 2001 South Alameda Street, Los Angeles, California

17   90058.  forever 21 Retail, Inc. is doing business throughout the State of California

18   through its retail stores and web sites, with multiple retail store locations in this District.

19   5.    forever 21 Logistics, LLC is a Delaware corporation, with its principal

20   place of business and executive offices at 9 East Lookerman Street, Dover, Delaware

21   19901. forever 21 Logistics, LLC is doing business throughout the State of California

22   and in this District.

23   6.    forever XXI, LLC is a California corporation, with its principal place of

24   business and executive offices at 2001 South Alameda Street, Los Angeles, California

25   90058. forever XXI, LLC is doing business throughout the State of California through its

26   retail stores and web sites, with multiple retail store locations in this District.

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

578947.4/0202261

2

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT, UNFAIR COMPETITION, ETC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

7.    Upon information and belief, For Love 21 is either: (a) a California corporation, with its principal place of business and executive offices at 2001 South Alameda Street, Los Angeles, California 90058; or (b) a trade name or alias of forever 21, Inc.  For Love 21 is doing business throughout the State of California through its retail stores and web sites, with multiple retail store locations in this District.

8.    forever 21, Inc., forever 21 Retail, Inc., forever 21 Logistics, LLC, forever XXI, LLC and For Love 21 shall be referred to collectively in this complaint as "forever 21."

### JURISDICTION AND VENUE

9.    This action is for: (a) the infringement of United States Copyright Registrations, pursuant to the laws of the United States, 17 U.S.C. §§ 101 et seq.; (b) tortious interference with prospective business advantage in violation of California common law; (c) misappropriation of bebe's designs in violation of California common law; (d) violation of Section 43(a) of the Lanham Act; (e) common law reverse palming-off in violation of California common law; (f) other misappropriation in violation of California common law; (g) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (h) trademark infringement under Sections 32(1) and 34(d) of the Lanham Act; (i) trademark dilution under Section 43(c) of the Lanham Act; (j) trademark and unfair competition under California common law; (k) trademark dilution under Calif. Bus. & Prof. Code § 14330; (l) breach of contract and violation of court order; and (m) civil conspiracy in violation of California common law.  Subject matter jurisdiction for the claim of copyright and federal trademark infringement is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a).  Supplemental jurisdiction for the remaining claims is proper in this Court pursuant to 28 U.S.C. §§ 1338(b) and 1367 because these claims form part of the same case or controversy as the claim for copyright infringement.

10. General and specific personal jurisdiction are proper over forever 21 in this District because of forever 21's (a) pervasive and systematic business activity within the District, (b) sales of the infringing articles within the District, and (c) knowing harm of bebe in this District by knowing placement of infringing articles into the stream of commerce for sale within this District and by engaging in unlawful acts causing harm in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1400(a).

## INTRA-DISTRICT ASSIGNMENT

12. Because this action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(C), the action is to be assigned on a District-wide basis.

## FACTUAL BACKGROUND

13. bebe owns United States Copyright Registration No. VA 1-385-194, which is dated November 28, 2006, covers a print design on fabric, and is entitled "Tulip Field." A copy of Registration No. VA 1-385-194, with deposit depicting the claimed design, is attached to the Complaint (Docket No. 1) as Exhibit A and is incorporated herein by reference.

14. bebe owns United States Copyright Registration No. VA 1-385-195, which is dated November 28, 2006, covers a print design on fabric, and is entitled "Wavy Tulip." A copy of Registration No. VA 1-385-195, with deposit depicting the claimed design, is attached to the Complaint (Docket No. 1) as Exhibit B and is incorporated herein by reference.

15. bebe owns United States Copyright Registration No. VA 1-385-192, which is dated November 28, 2006, covers a print design on fabric, and is entitled "Conna." A copy of Registration No. VA 1-385-192, with deposit depicting the claimed design, is attached to the Complaint (Docket No. 1) as Exhibit C and is incorporated herein by reference.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

578947.4/0202261

4

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT, UNFAIR COMPETITION, ETC.

1       16.    bebe owns United States Copyright Registration No. VA 1-385-197, which

2   is dated November 28, 2006, covers a design utilized on clothing, and is entitled

3   "Eyelet." A copy of Registration No. VA 1-385-197, with deposit depicting the claimed

4   design, is attached to the Complaint (Docket No. 1) as Exhibit D and is incorporated

5   herein by reference.

6       17.    bebe owns United States Copyright Registration No. VA 1-363-651, which

7   is dated May 25, 2006, covers a design utilized on clothing and is entitled "Sequin Bead

8   Floral V-Neck Cami." A copy of Registration No. VA 1-363-651, with deposit depicting

9   the claimed design, is attached to the Complaint (Docket No. 1) as Exhibit E and is

10   incorporated herein by reference.

11       18.    bebe owns United States Copyright Registration No. VA 1-363-650, which

12   is dated May 25, 2006, covers a design utilized on clothing, and is entitled "Sequin Bead

13   Floral Front V-Neck Cami." A copy of Registration No. VA 1-363-650, with deposit

14   depicting the claimed design, is attached to the Complaint (Docket No. 1) as Exhibit F

15   and is incorporated herein by reference.

16       19.    bebe owns United States Copyright Registration No. VA 1-385-196, which

17   is dated November 28, 2006, covers a print design on fabric, and is entitled "Tilla." A

18   copy of Registration No. VA 1-385-196, with deposit depicting the claimed design, is

19   attached to the Complaint (Docket No. 1) as Exhibit G and is incorporated herein by

20   reference.

21       20.    bebe owns United States Copyright Registration No. VA 1-385-193, which

22   is dated November 28, 2006, covers a print design on fabric, and is entitled "Modern

23   Indochine." A copy of Registration No. VA 1-385-193, with deposit depicting the

24   claimed design, is attached to the Complaint (Docket No. 1) as Exhibit H and is

25   incorporated herein by reference.

26       21.    Founded in 1976, bebe designs, develops and produces a distinctive line of

27   contemporary women's apparel and accessories, which it markets under the "bebe,"

28

| | 5 | AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, ETC. |
|---|---|---|

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

"BEBE SPORT," and "bebe O" brand names. bebe currently operates 264 stores, of which 191 are bebe stores, 20 are bebe outlet stores, 52 are BEBE SPORT stores, and 1 is a bebe accessories store. These stores are located in the United States, Puerto Rico and Canada, with additional licensed stores in Greece, Israel, Thailand and Singapore. In addition, bebe operates an on-line store at www.bebe.com.

22.    bebe's target customers are women between the ages of 21 and 35 who seek current fashion trends interpreted to suit their needs. The "bebe look" with that signature hint of sensuality, appeals to the hip, sophisticated and body conscious woman who takes pride in her appearance. Celebrities are among bebe's fashionable clientele list. They include Alicia Keys, Britney Spears, Destiny's Child, Ciara, Eva Longoria, Paris Hilton, Shakira, Virginia Madsen, Gabrielle Union, Jennifer Lopez and Mischa Barton. bebe fashions have also been featured in numerous television shows, including: The O.C., Las Vegas, Eve, One Tree Hill, Nip/Tuck, Desperate Housewives, American Idol, CSI Miami, Will & Grace, Alias, Charmed, Entertainment Tonight, Access Hollywood, Extra, MTV, and VH1.

23.    Upon information and belief, forever 21 was originally founded as "FASHION 21" many years after bebe had already established itself as a fashion trendsetter. Eventually, "FASHION 21" changed its name to "forever 21," and as part of its name change, forever 21 even changed the look of its name by abandoning the use of all capital letters and copying the hip and sophisticated, all lower case lettering that bebe had been using since 1976. As an example, the upper left-hand corner of forever 21's website at www.forever21.com shows forever 21's prominent use of all lower case letters in its name.

24.    Furthermore, as its name suggests, forever 21 targets the same young customers that bebe targets. For example, forever 21's website states on its "frequently asked questions" or "FAQ's" webpage at http://www.forever21.com/forever/faq.asp that

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

its target customers are "young [female] shoppers" as well as those women who are "young at heart."

25.     bebe sold the designs identified in paragraphs 13-20 above ("Copyrighted Designs") as part of its line of apparel in its retail stores.  bebe's Copyrighted Designs were part of bebe-branded garments sold in bebe stores throughout the United States, internationally, and at www.bebe.com.

26.     Not only did forever 21 copy the hip and sophisticated, all lower case lettering style of bebe's name, but in or about 2006, bebe became aware of forever 21's sale of garments ("Infringing Garments") bearing designs ("Knock-Off Designs") that were identical or virtually identical to bebe's Copyrighted Designs on garments sold by bebe.

27.     forever 21's Knock-Off Designs were placed on garments sold by forever 21 and are identical, virtually identical, substantially similar and/or strikingly similar to bebe's Copyrighted Designs that are the subject of bebe's copyright registrations identified in paragraphs 13-20 above.  The following subparagraphs compare bebe's Copyrighted Designs on its garments to forever 21's Knock-Off Designs on the Infringing Garments:

a.     As shown in Exhibit I to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Smocked Tie Strap Dress with the copyrighted and registered "Tulip Field" design, as identified previously in paragraph 13 above and in Exhibit A, and forever 21 sells a "DRESS/SHRT LNGTH/DRS/SLVLS/N/A/" with an identical, virtually identical, substantially similar and/or strikingly similar design.

b.     As shown in Exhibit J to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Kimono Dress with the copyrighted and registered "Wavy Tulip" design, as identified previously in paragraph 14 above and in

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Exhibit B, and forever 21 sells a "SHRT LNGHT DRS/3/BLACK/WHITE" with an identical, virtually identical, substantially similar and/or strikingly similar design.

c.    As shown in Exhibit K to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Cap Sleeve Amanda with the copyrighted and registered "Conna" design, as identified previously in paragraph 15 above and in Exhibit C, and forever 21 sells a "WOVEN TOP/WOVEN SHIRT/SSLV/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

d.    As shown in Exhibit L to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells an Embroidered Eyelet Top With Belt with the copyrighted "Eyelet" design, as identified previously in paragraph 16 above and in Exhibit D, and forever 21 sells a "WOVEN TOP/SLVLS/RED/TAUPE" with an identical, virtually identical, substantially similar and/or strikingly similar design.

e.    As shown in Exhibit M to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a V Detailed Beaded Cami with the copyrighted "Sequin Floral Front V Neck Cami" design, as identified previously in paragraph 17 above and in Exhibit E, and forever 21 sells a "WOVEN TOP/WOVEN TOP/SPAGHETTI/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

f.    As shown in Exhibit N to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a V Neck Beaded Cami Tank with the copyrighted "Sequin Bead Floral V Neck Cami" design, as identified previously in paragraph 18 above and in Exhibit F, and forever 21 sells a "WOVEN TOP/WOVEN TOP/SPAGHETTI/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

g.    As shown in Exhibit O to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Print Kimono With Solid Border with the copyrighted "Tilla" design, as identified previously in paragraph 19 above and in Exhibit

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

8

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT, UNFAIR COMPETITION, ETC.

1    G, and forever 21 sells a "WOVEN TOP/HALTER/TAUPE/BLACK/RED" with an

2    identical, virtually identical, substantially similar and/or strikingly similar design.

3           h.     As shown in Exhibit P to the Complaint (Docket No. 1) and

4    incorporated herein by reference, bebe sells a Print Kimono With Solid Border with the

5    copyrighted and registered "Modern Indochine" design, as identified previously in

6    paragraph 20 above and in Exhibit H, and forever 21 sells a "WOVEN

7    TOP/CAPSLV/BLACK./RED/ORANGE" with an identical, virtually identical,

8    substantially similar and/or strikingly similar design.

9           28.    bebe also sold other garments having other custom designs ("Custom

10   Designs") that were similarly part of bebe's line of apparel in its retail stores throughout

11   the United States. bebe's Custom Designs were part of bebe-branded garments sold in

12   bebe stores throughout the United States, internationally, and at www.bebe.com.

13          29.    Also in or about 2006, bebe became aware of forever 21's sale of additional

14   Infringing Garments bearing other Knock-Off Designs that were identical or virtually

15   identical to bebe's Custom Designs on garments sold by bebe.

16          30.    The Knock-Off Designs of the Infringing Garments sold by forever 21 were

17   placed on garments and are identical, virtually identical, substantially similar and/or

18   strikingly similar to bebe's Custom Designs. The following subparagraphs compare

19   bebe's Custom Designs to forever 21's Knock-Off Designs on the Infringing Garments:

20          a.     As shown in Exhibit Q to the Complaint (Docket No. 1) and

21   incorporated herein by reference, bebe sells a Printed Full Tie Skirt with the custom

22   "Vivienne"      design,      and      forever      21      sells      a      "KNEE      LNGHT

23   SKIRT/BLACK/WHITE/AQUA" with an identical, virtually identical, substantially

24   similar and/or strikingly similar design.

25          b.     As shown in Exhibit R to the Complaint (Docket No. 1) and

26   incorporated herein by reference, bebe sells a Panel Cut Out Zebra Cami with the custom

27   "Panel  Cut  Out  Zebra"  design,  and  forever  21  sells  a  "WOVEN

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

| | 9 | AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, ETC. |

TOP/SPAGHE/BLACK/WHITE" with an identical, virtually identical, substantially similar and/or strikingly similar design.

c. As shown in Exhibit S to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Smocked Tie Strap Dress with the custom "Coba" design, and forever 21 sells a "DRESS KNEE LNGTH/DRS/SLVLS/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

d. As shown in Exhibit T to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Asprin Polka Dot Dress with the custom "Polka Dot / Solid Style" design, and forever 21 sells a "DRESS KNEE LNGTH/DRS/SSLVS/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

e. As shown in Exhibit U to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Lace Sleeve Pin Tuck Bib Shirt with the custom "Bib" design, and forever 21 sells a "WOVEN TOP/CAPSLV" with an identical, virtually identical, substantially similar and/or strikingly similar design.

f. As shown in Exhibit V to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Stripe Shirt Vest Short Sleeve with the custom "Stripe / Solid" design, and forever 21 sells a WOVEN TOP/WOVEN TOP/3QSLV/N/A with an identical, virtually identical, substantially similar and/or strikingly similar design.

g. As shown in Exhibit W to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Ruched Bustier with Bows with the custom "Ruched Bustier" design, and forever 21 sells a "WOVEN TOP/WOVEN TOP/SLVLS/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

h. As shown in Exhibit X to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Smocked Rose Belt with the custom

AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, ETC.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

"Rose" design, and forever 21 sells a "BELT Black/Silver" with an identical, virtually identical, substantially similar and/or strikingly similar design.

    i.    As shown in Exhibit Y to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Crossover Cami with Panels with the custom "Panel" design, and forever 21 sells a "WOVEN TOP/WOVEN TOP/SPAGHETTI/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

    j.    As shown in Exhibit Z to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Matte/Shiny V-Neck Blouson with the custom "Matte/Shiny V-Neck" design, and forever 21 sells a "WOVEN TOP/WOVEN TOP/SPAGHETTI/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

    k.    As shown in Exhibit AA to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Twist Neck & Strap Top with the custom "Twist Neck & Strap" design, and forever 21 sells a "WOVENTOP/SPAGHE/AQUA" with an identical, virtually identical, substantially similar and/or strikingly similar design.

    l.    As shown in Exhibit BB to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Cowl Neck Ruched Body Halter with the custom "Cowl Neck Ruched Body" design, and forever 21 sells a KNIT TOP/HALTER/CREAM with an identical, virtually identical, substantially similar and/or strikingly similar design.

    m.    As shown in Exhibit CC to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a V-Neck Halter Top with Band with the custom "V-Neck and Band" design, and forever 21 sells a "WOVEN TOP/HALTER/BLACK/PINK" with an identical, virtually identical, substantially similar and/or strikingly similar design.

1
2
3
4
5
6
7
8
9
10

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

n.    As shown in Exhibit DD to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Dip Dye Cami with the custom "Dip Dye" design, and forever 21 sells a "WOVENTOP/WOVEN TOP/SPAGHETTI/N/A/CREAM/PINK/HOT PINK" with an identical, virtually identical, substantially similar and/or strikingly similar design.

o.    As shown in Exhibit EE to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Raw Trim X Front Halter with the custom "Raw Trim X" design, and forever 21 sells a "WOVEN TOP/WOVEN TOP/HALTER/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

p.    As shown in Exhibit FF to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Fold Up Cuff 2Fer with the custom "Woven Basket" design, and forever 21 sells a "WOVEN TOP/3QSLV/BLACK/CREAM" with an identical, virtually identical, substantially similar and/or strikingly similar design.

q.    As shown in Exhibit GG to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Cami with Charmeuse with the custom "Charmeuse" design, and forever 21 sells a "SWEATER/SWTR TOP/SPAGHETTI/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

r.    As shown in Exhibit HH to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Knit Tank with Bow with the custom "Knit and Bow" design, and forever 21 sells a "KNIT TOP/KNI TOP/SPAGHETTI/N/A" with an identical, virtually identical, substantially similar and/or strikingly similar design.

s.    As shown in Exhibit II to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a Print Tube Top with the custom "Sunflower

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Peck" design, and forever 21 sells a "KNIT TOP/TUBE/BLACK/CRÈME" with an identical, virtually identical, substantially similar and/or strikingly similar design.

t.      As shown in Exhibit JJ to the Complaint (Docket No. 1) and incorporated herein by reference, bebe sells a red Print Kimono With Print Border with the custom "Modern Indochine" design and the custom "Tilla" design, and forever 21 sells a "WOVEN TOP/CAPSLV/BLACK/RED/ORANGE" with an identical, virtually identical, substantially similar and/or strikingly similar design.

31.     To date, bebe has discovered these Infringing Garments, and there may well be others.  Given the distinctiveness of bebe's designs and that forever 21 seeks to compete in bebe's market niche by providing fashionable clothes for younger women, the same demographic in which bebe has been extremely successful, it is evident that forever 21 has willfully copied the bebe Copyrighted Designs as well as the bebe Custom Designs.

32.     forever 21 obtained some or all of the Knock-Off Designs and Infringing Garments by directly and systematically soliciting bebe's Custom Designs and Copyrighted Designs from those manufacturing bebe's garments.

33.     Upon information and belief, forever 21 regularly puts on a "sample fair" at various locations throughout the world.

34.     In connection with these "sample fairs," forever 21 sends invitations to numerous manufacturers who produce garments for designer labels, including bebe.

35.     These invitations request that manufacturers bring samples of garments produced under specific labels, including bebe.

36.     These invitations further request that the manufacturers "present 'any available' stock for immediate order."

37.     In 1976, bebe began business in San Francisco by distributing distinctive contemporary women's fashion apparel and accessories under its "bebe" mark.  bebe has spent tens of millions of dollars conducting advertising campaigns to develop brand

recognition for its "bebe" mark by placing advertisements in fashion magazines and on billboards, using celebrity endorsements or entertainment media promotions, and using in-store advertisements, among other things. bebe's advertisements prominently feature the unique and distinctive "bebe" mark. bebe has also gained substantial recognition by being the subject of fashion reviews and articles written in many publications. bebe's increased consumer brand awareness of the "bebe" mark has led to increased consumer product demand.

38.    As a result of bebe's long use, successful sales, and substantial advertising of the "bebe" mark, the "bebe" mark has become a famous and well-recognized source indicator throughout the United States and the world for bebe's products and services.

39.    bebe is the owner of the "bebe" trademark that is the subject of United States Trademark Registration No. 1,652,462, which issued on July 30, 1991 for men's and women's apparel, namely, shirts, blouses, pants, jackets, coats, sweaters, suits and dresses, and accessories, namely, belts, scarves and hats in international class 25, and which claimed a date of first use at least as early as July 1976 and a date of first use in interstate commerce at least as early as October 1976.

40.    bebe is the owner of the "bebe SAN FRANCISCO" trademark that is the subject of United States Trademark Registration No. 1,950,771, which issued on January 23, 1996 for men's and women's apparel, namely, shirts, blouses, pants, jackets, coats, sweaters, suits and dresses; and accessories, namely, belts, scarves and hats in international class 25, and which claimed a date of first use at least as early as November 1994 and a date of first use in interstate commerce at least as early as November 1994.

41.    bebe is the owner of the "bebe"  service mark that is the subject of United States Service Mark Registration No. 2,038,435, which issued on February 18, 1997 for retail store services for women's clothing and accessories in international class 42, and which claimed a date of first use at least as early as July 1976 and a date of first use in interstate commerce at least as early as October 1976.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

42.     bebe is the owner of the "bebe" trademark that is the subject of United States Trademark Registration No. 2,289,914, which issued on November 2, 1999 for eyewear in international class 9, and which claimed a date of first use at least as early as December 1996 and a date of first use in interstate commerce at least as early as December 1996. .

43.     bebe is the owner of the "bebe" trademark that is the subject of United States Trademark Registration No. 2,328,170, which issued on March 14, 2000 for jewelry, namely, earrings, rings, necklaces, pendants and bracelets in international class 14, and which claimed a date of first use at least as early as July 1976 and a date of first use in interstate commerce at least as early as October 1976.

44.     bebe is the owner of the "bebe" trademark that is the subject of United States Trademark Registration No. 2,496,624, which issued on October 9, 2001 for footwear, namely, loafers, espadrilles, sandals, thongs, mules, and pumps in international class 25, and which claimed a date of first use at least as early as April 1999 and a date of first use in interstate commerce at least as early as June 1999.

45.     bebe is the owner of the "bebe" trademark that is the subject of United States Trademark Registration No. 2,494,865, which issued on October 2, 2001 for clocks, watches and wristwatches in international class 14, and which claimed a date of first use at least as early as May 1997 and a date of first use in interstate commerce at least as early as May 1997.

46.     bebe is the owner of the "bebe" trademark that is the subject of United States Trademark Registration No. 2,520,418, which issued on December 18, 2001 for perfume, cologne, and toilet water in international class 3, and which claimed a date of first use at least as early as June 2001 and a date of first use in interstate commerce at least as early as June 2001.

47.     bebe is the owner of the "bebe" trademark that is the subject of United States Trademark Registration No. 2,660,869, which issued on December 10, 2002 for

shampoo, body wash, shower gel, bath oil, non-medicated bath salts, dusting power, skin moisturizer, make-up for eyes, lips, and cheeks, and make-up remover in international class 3, and which claimed a date of first use at least as early as June 2001 and a date of first use in interstate commerce at least as early as June 2001.

48.     bebe is the owner of the "bebe" trademark that is the subject of United States Trademark Registration No. 2,690,952, which issued on February 25, 2003 for bras, panties, pajamas, slips, robes, pantyhose, and camisoles in international class 25, and which claimed a date of first use at least as early as September 1998 and a date of first use in interstate commerce at least as early as September 1998.

49.     bebe is the owner of the "bebe.com" service mark that is the subject of United States Service Mark Registration No. 2,709,481, which issued on April 22, 2003 for on-line retail store services featuring women's clothing, shoes, fragrances and accessories in international class 35, and which claimed a date of first use at least as early as September 1998 and a date of first use in interstate commerce at least as early as September 1998.

50.     bebe is the owner of the "bebesport.com" service mark that is the subject of United States Service Mark Registration No. 2,870,497, which issued on August 3, 2004 for on-line retail store services feature clothing in international class 35, and which claimed a date of first use at least as early as February 2004 and a date of first use in interstate commerce at least as early as February 2004.

51.     bebe is the owner of the "BEBE SPORT" trademark that is the subject of United States Trade Mark Registration No. 2,906,864, which issued on November 30, 2004, (a) for on-line retail store services featuring women's clothing and accessories, and retail store services featuring clothing and accessories in international class 35, and claiming a date of first use at least as early as November 2002 and a date of first use in interstate commerce at least as early as November 2002, (b) for articles of clothing for women, namely, shorts, blouses, pants, jackets, coats, sweaters, suits, dresses, slacks and

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

trousers, accessories, namely, belts, scarves and hats, and footwear, namely, loafers, espadrilles, sandals, thongs, mules and pumps in international class 25, and claiming a date of first use at least as early as August 2002 and a date of first use in interstate commerce at least as early as August 2002, and (c) for articles made of leather or imitation leather, namely, handbags, purses, clutch bags, shoulder bags, tote bags, backpacks and luggage of all types, and claiming a date of first use at least as early as August 2002 and a date of first use in interstate commerce at least as early as August 2002.

52.    bebe is the owner of the "bebe" trademark that is the subject of United States Trademark Application Serial No. 78/935,123, which was filed on July 21, 2006 for purses, clutch bags, shoulder bags, tote bags and backpacks in international class 18, and which claimed a date of first use at least as early as June 1994 and a date of first use in interstate commerce at least as early as June 1994.

53.    In or about 2007, bebe became aware of forever 21's sales of sunglasses having the "bebe" mark on them. Upon information and belief, forever 21 has sold and continues to sell other products having the "bebe" mark on them, and forever 21 has used and continues to use the "bebe" mark in its business.

54.    No legitimate reason exists for forever 21's conduct, such as its unauthorized use of the "bebe" mark. Such conduct is not required for forever 21 to compete effectively or efficiently in the clothing merchandise market. Upon information and belief, forever 21 willfully engages in such conduct with full knowledge of, and reckless disregard for, bebe's rights. Upon information and belief, forever 21 also willfully engages in such conduct with the intention of deceiving the public.

55.    Upon information and belief, Fashion 21, Inc. was a California corporation with its principal place of business in Los Angeles, California, and Fashion 21 Merchandising Corp. was a California corporation with its principal place of business in Los Angeles, California. Upon information and belief, Fashion 21, Inc. and Fashion 21

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT, UNFAIR COMPETITION, ETC.

1    Merchandising Corp. are predecessors to at least one of Defendants forever 21, Inc.,

2    forever 21 Retail, Inc., forever 21 Logistics, LLC, forever XXI, LLC and For Love 21.

3        56.    In 2001, bebe stores, inc. sued Fashion 21, Inc. and Fashion 21

4    Merchandising Corp. in United States District Court for the Northern District of

5    California, San Francisco Division, for infringement of the trademarks identified in

6    paragraphs 39-45 above ("the Previous Lawsuit"). The case number for the Previous

7    Lawsuit was C-01-1451 (MJJ).

8        57.    In 2002, bebe stores, inc., Fashion 21, Inc. and Fashion 21 Merchandising

9    Corp. settled the Previous Lawsuit by entering into a settlement agreement and

10   stipulating and consenting to a Final Consent Judgment and Permanent Injunction against

11   Fashion 21, Inc. and Fashion 21 Merchandising Corp.

12       58.    Later, on February 8, 2002, United States District Court for the Northern

13   District of California entered the Final Consent Judgment and Permanent Injunction

14   against Fashion 21, Inc. and Fashion 21 Merchandising Corp. in the Previous Lawsuit.

15       59.    forever 21's use of the "bebe" mark breaches the settlement agreement

16   between bebe stores, inc., Fashion 21, Inc. and Fashion 21 Merchandising Corp. for the

17   Previous Lawsuit and also violates the Final Consent Judgment and Permanent Injunction

18   in the Previous Lawsuit.

19              **FIRST CLAIM FOR RELIEF**

20         **(Copyright Infringement Against forever 21)**

21       60.    The preceding paragraphs are incorporated by this reference.

22       61.    Upon information and belief, some or all of the Infringing Garments

23   constitute garments actually designed by and manufactured for bebe.

24       62.    forever 21 has infringed bebe's registered copyrights identified in

25   paragraphs 13-20 above, through forever 21's reproduction, preparation of derivative

26   works, and/or distribution of the virtually identical Knock-Off Designs on at least the

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

578947.4/0202261

18

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT, UNFAIR COMPETITION, ETC.

1   Infringing Garments identified in paragraph 27 and sold throughout forever 21's stores,
2   including those stores found in this District.

3       63.     As demonstrated by forever 21's desire to compete in bebe's market niche,
4   forever 21's infringement of bebe's registered copyrights is willful.  In creating inventory
5   for its Infringing Garments, forever 21 had access to and even actively solicited samples
6   of the bebe lines of apparel.  forever 21's Knock-Off Designs are identical or virtually
7   identical to bebe's registered copyrights, and forever 21's use of identical designs for
8   identical purposes on competing goods demonstrates its willful infringement.

9       64.     bebe has been damaged by the willful infringement of forever 21 in an
10  amount to be determined at trial.

11      65.     forever 21 has been unjustly enriched by the receipt of profits on its sale of
12  Infringing Garments in an amount to be determined at trial.

13      66.     As a direct result of the infringement by forever 21, bebe has suffered, and
14  will continue to suffer, irreparable harm, including, but not limited to, harm to its
15  business reputation and goodwill.

16      67.     forever 21 is presently engaged in the sale of Infringing Garments, and
17  unless immediately restrained and enjoined, will continue to do so.  bebe's remedy at law
18  is not by itself adequate to compensate them for the harm inflicted and threatened by
19  forever 21.

20                          **SECOND CLAIM FOR RELIEF**

21      **(Tortious Interference With Prospective Business Advantage Against Forever21)**

22      68.     The preceding paragraphs are incorporated by this reference.

23      69.     California common law defines the elements of tortious interference with
24  prospective economic advantage as: (1) an economic relationship between a first party
25  and its customers, with the probability of future economic benefit to the first party; (2) a
26  second party's knowledge of the economic relationship; (3) the second party's intentional

27
28

| 578947.4/0202261 | 19 | AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, ETC. |
|---|---|---|

act(s) to disrupt the economic relationship; (4) actual disruptions of the relationship; and (5) economic harm to the first party proximately caused by the second party's acts.

70.    bebe has an economic relationship with its customers, including but not limited to its fashionable and famous clientele, and bebe reasonably expects future economic benefit from such customers.

71.    forever 21 has knowledge of bebe's economic relationships.

72.    forever 21 competes in the market to provide fashionable clothes for younger women and increase its market share and competitiveness by intentionally, illegally, maliciously, fraudulently, and wantonly knocking off bebe's original creative designs, including but not limited to its Custom Designs.

73.    forever 21's acts have disrupted bebe's economic relationships.

74.    forever 21's acts have proximately caused bebe's economic harm.

75.    As a direct result of forever 21's acts, bebe has suffered, and will continue to suffer, irreparable harm.  Because of forever 21's unlawful, unfair, intentional, malicious, wonton and fraudulent business acts and practices, once customers learn forever 21 has a practice of pirating and reproducing bebe's garments, they will refrain from purchasing bebe's more expensive garments.  In some instances, bebe's customers may even wait to purchase the knocked-off, less expensive garments sold by forever 21 with virtually identical designs.

76.    As a direct result of forever 21's acts, bebe has suffered, and will continue to suffer, irreparable harm, including, but not limited to, harm to its business reputation and goodwill.  Because of forever 21's unlawful, unfair, intentional, malicious, wonton and fraudulent business acts and practices, once customers learn that forever 21 and bebe produce apparently identical garments, bebe's reputation and goodwill will be irreparably harmed.

77.    forever 21 has been unjustly enriched by its unfair, unlawful, intentional, malicious, wonton, fraudulent and deceptive practices in a sum to be determined at trial.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

| 20 |

78.    bebe has been damaged by the unfair, unlawful, intentional, malicious, wonton, fraudulent and deceptive practices of forever 21 in a sum to be determined at trial.

79.    forever 21 is presently engaged in the sale of Infringing Garments and Knock-Off Designs, and unless immediately restrained and enjoined, will continue to do so. bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

## THIRD CLAIM FOR RELIEF

### (Misappropriation of bebe's Designs Against forever 21)

80.    The preceding paragraphs are incorporated by this reference.

81.    At great cost, expense, and effort, bebe generates and collects fashionable and cutting edge garment designs, including, without limitation, the Copyrighted Designs and Custom Designs.

82.    The value of bebe's Custom Designs and Copyrighted Designs are time sensitive in that bebe prides itself on producing the most fashionable and up-to-date designs. bebe's clientele expects bebe's garments to represent the latest fashion trends and designs. Once customers learn that forever 21 has pirated and reproduced bebe's garments, customers refrain from purchasing bebe's garments.

83.    forever 21 has engaged in the pattern and practice of directly and willfully contacting those that manufacture bebe's garments, including, without limitation, the Custom Designs and Copyrighted Designs.

84.    forever 21's use of bebe's Copyrighted Designs and Custom Designs not only constitutes free riding on bebe's costly and time-consuming efforts to generate the Custom Designs and Copyrighted Designs, but also constitutes misappropriation of bebe's costly and time-consuming efforts to locate, educate, prepare and engage appropriate materials, sources and manufacturers to produce bebe's Copyrighted Designs and Custom Designs.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

578947.4/0202261

21

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT, UNFAIR COMPETITION, ETC.

85.    forever 21's use of the Copyrighted Designs and Custom Designs and/or bebe's identified materials, sources and manufacturers is in direct competition with bebe's business.

86.    The ability of forever 21 and others to free ride on the time, energy and effort bebe has expended in creating, developing, and collecting its hip, sophisticated, and fashionable designs reduces the incentive that bebe and others have to collect and produce the most up-to-date fashions.

87.    As a result of forever 21's free riding, bebe has been damaged under California common law in an amount to be proven at trial.

88.    forever 21 is presently engaged in misappropriating bebe's Copyrighted Designs and Custom Designs, and unless immediately restrained and enjoined, will continue to do so. bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

## FOURTH CLAIM FOR RELIEF

### (Violation of Section 43(a) of the Lanham Act Against forever 21)

89.    The preceding paragraphs are incorporated by this reference.

90.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) prohibits forever 21 from misleading the public by putting forth bebe's work as its own.

91.    forever 21 has engaged in the pattern and practice of directly contacting those that manufacture bebe's garments, including, without limitation, the Custom Designs and Copyrighted Designs.

92.    Through its solicitation, forever 21 has obtained garments reflecting the Copyrighted Designs and Custom Designs.

93.    forever 21 has improperly marketed as its own these bebe garments reflecting the Custom Designs and Copyrighted Designs.

94.    forever 21 has sold under its forever 21 name garments that were actually designed by and manufactured for bebe.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

95.    forever 21's willful actions have misled the public by putting forth bebe's designs and work as its own.

96.    As a result of forever 21's wrongful conduct, bebe has been harmed in an amount to be proven at trial.

97.    Additionally, forever 21's use in commerce of the counterfeit "bebe" mark, which is a copy or colorable imitation of the "bebe" mark, constitutes a misappropriation of bebe's mark and a false designation of origin to the public of the character and quality of forever 21's goods. Such use is also likely to cause confusion, mistake, or deception as to: (a) the affiliation, connection, or association of forever 21 with bebe, (b) the origin, sponsorship, or approval of forever 21's goods by bebe, and (c) source of forever 21's goods, all in violation of 15 U.S.C. § 1125(a) and to the great damage of bebe and the public.

98.    forever 21's willful and unlawful use and misappropriation of the "bebe" mark has and will continue to injure bebe's business, goodwill, reputation, and profits.

99.    forever 21 is presently engaged in violating Section 43(a) of the Lanham Act, and unless immediately restrained and enjoined, will continue to do so. bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

## **FIFTH CLAIM FOR RELIEF**

### **(Common Law Reverse Palming-Off Against forever 21)**

100.    The preceding paragraphs are incorporated by this reference.

101.    California common law prohibits forever 21 from misleading the public by putting forth bebe's work as its own.

102.    forever 21 has engaged in the pattern and practice of directly contacting those that manufacture bebe's garments, including, without limitation, the Custom Designs and Copyrighted Designs.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT, UNFAIR COMPETITION, ETC.

103.    Through its solicitation, forever 21 has obtained garments reflecting the Copyrighted Designs and Custom Designs.

104.    forever 21 has improperly marketed as its own these bebe garments reflecting the Custom Designs and Copyrighted Designs.

105.    forever 21 has sold under its forever 21 name garments that were actually designed by and manufactured for bebe.

106.    forever 21's actions have misled the public by putting forth bebe's designs and work as its own.

107.    As a result of forever 21's willful and wrongful conduct, bebe has been damaged in an amount to be proven at trial.

108.    forever 21 is presently engaged in reverse palming-off, and unless immediately restrained and enjoined, will continue to do so. bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

### SIXTH CLAIM FOR RELIEF

### (Common Law Misappropriation Against forever 21)

109.    The preceding paragraphs are incorporated by this reference.

110.    bebe has invested substantial time and money in the development of a pool of manufacturers with the capacity and ability to manufacture its garments, including the Custom Design and Copyrighted Designs.

111.    forever 21 has willfully misappropriated bebe's pool of qualified manufacturers at little or no cost by merely directly soliciting manufacturers currently producing garments reflecting the Custom Designs and Copyrighted Designs.

112.    bebe has been injured by forever 21's conduct in that bebe is at a market disadvantage, having expended significant time and resources to identify manufacturers with the capacity and expertise to properly produce bebe's Custom Designs and

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1   Copyrighted Designs.  forever 21 does not have a similar burden and is merely utilizing

2   bebe's manufacturers to produce forever 21's Knock-Off Designs.

3       113.    Additionally, bebe has used its distinctive "bebe" mark in connection with

4   clothing and personal accessories for a significant period of time, and in view of such

5   use, the "bebe" mark has become uniquely associated with bebe and identifies bebe as the

6   source of those goods. Bebe is the owner of the valuable "bebe" mark and the goodwill

7   associated therewith, which were created from the investment of substantial time, money,

8   and effort.

9       114.    forever 21 has willfully misappropriated the "bebe" mark and the

10  associated goodwill for its own use, without bebe's permission and without compensating

11  bebe.  Forever 21 has reaped the benefits of bebe's creativity and efforts without the same

12  cost that bebe incurred.

13      115.    As a result of forever 21's wrongful conduct, bebe has been damaged under

14  California common law in an amount to be proven at trial.

15      116.    forever 21 is presently engaged in misappropriation, and unless

16  immediately restrained and enjoined, will continue to do so.  bebe's remedy at law is not

17  by itself adequate to compensate them for the harm inflicted and threatened by forever

18  21.

19                          **SEVENTH CLAIM FOR RELIEF**

20      **(Unfair Competition Pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq.**

21                              **Against forever 21)**

22      117.    The preceding paragraphs are incorporated by this reference.

23      118.    The California Unfair Business Practices Act, Bus. & Prof. Code §§ 17200

24  et seq. ("Section 17200"), defines unfair competition as any "unlawful, unfair or fraudulent

25  business act or practice."  Section 17200 provides for injunctive relief and restitution to

26  persons harmed by unfair competition.

27

28

TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000
BRYAN CAVE LLP

119.    forever 21 competes in the market to provide fashionable clothes for younger women and increase its market share and competitiveness by engaging in the wrongful conduct described herein.

120.    forever 21 has engaged, and will continue to engage, in unfair competition as defined by Section 17200.  The acts and practices as alleged herein violate Section 17200.

121.    As a direct result of the willful unfair competition by forever 21, bebe has suffered, and will continue to suffer, irreparable harm, including, but not limited to, harm to its business reputation and goodwill.  Because of forever 21's unlawful, unfair, intentional, and fraudulent business acts and practices, bebe has lost customers, and bebe's reputation and goodwill have been and will be irreparably harmed.

122.    forever 21 has been unjustly enriched by its unfair, unlawful, intentional, and deceptive practices in a sum to be determined at trial.

123.    bebe has been damaged by the unfair, unlawful, intentional, and deceptive practices of forever 21 in a sum to be determined at trial.

124.    bebe's remedy at law is not, by itself, adequate to compensate them for the harm inflicted and threatened by forever 21.

125.    forever 21 is presently engaged in unfair competition under Section 17200, and unless immediately restrained and enjoined, will continue to do so.  bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

## **EIGHTH CLAIM FOR RELIEF**

### **(Trademark Infringement under Sections 32(1) and 34(d) of the Lanham Act)**

126.    The preceding paragraphs are incorporated by this reference.

127.    forever 21's use of the "bebe" marks has injured bebe and, if permitted to continue, will irreparably injure bebe, the "bebe" mark, the goodwill associated with bebe and the "bebe" mark, and bebe's reputation for high-quality products.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

128.    forever 21's unauthorized use of a reproduction, counterfeit, copy, or colorable imitation of the "bebe" mark is likely to cause confusion, cause mistake, or deceive.

129.    forever 21's use of the "bebe" mark is unlawful and willful.

130.    forever 21 is presently engaged in trademark infringement under 15 U.S.C. § 1114(1), and unless immediately restrained and enjoined under 15 U.S.C. § 1116(d), will continue to do so.  bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

## NINTH CLAIM FOR RELIEF

### (Trademark Dilution under Section 43(c) of the Lanham Act)

131.    The preceding paragraphs are incorporated by this reference.

132.    The "bebe" mark has become famous, as that term is used in Section 43(c) of the Lanham Act, 35 U.S.C. § 1125(c), due to: (a) the inherent and acquired distinctiveness of the "bebe" mark; (b) the duration and extent of use of the "bebe" mark in connection with bebe's distinctive goods; (c) bebe's duration and extent of advertising featuring its mark; (d) the geographic area in which bebe has sold and advertised goods featuring its mark; (e) the nature of the trade channels bebe uses to market goods featuring its mark compared to the trade channels through which forever 21 sells and intends to sell its goods; (f) the degree of wide-spread public recognition of the "bebe" mark in the trade channel used by bebe and forever 21; and (g) the federal registrations of bebe's trademarks and service marks.

133.    After the "bebe" mark had become famous, forever 21 willfully intended to trade on bebe's reputation and to cause dilution of bebe's famous mark.  Furthermore, forever 21's use of the "bebe" mark deprives bebe of its exclusive capacity to identify and distinguish bebe from other sources of clothing and accessories.  Such acts are likely to cause dilution of the distinctive qualify of bebe's famous mark in violation of Section 43(c) of the Lanham Act.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1    134.    forever 21 is presently engaged in trademark dilution under 15 U.S.C. §

2    1125(c), and unless immediately restrained and enjoined under 15 U.S.C. § 1116, will

3    continue to do so.  bebe's remedy at law is not by itself adequate to compensate them for

4    the harm inflicted and threatened by forever 21.

5    ## TENTH CLAIM FOR RELIEF

6    ## (Trademark Infringement and Unfair Competition under California Common Law)

7    135.    The preceding paragraphs are incorporated by this reference.

8    136.    bebe has used its distinctive "bebe" mark in connection with clothing and

9    personal accessories for a significant period of time, and in view of such use, the "bebe"

10   mark has become uniquely associated with bebe and identifies bebe as the source of those

11   goods.

12   137.    forever 21's unauthorized use in commerce of the "bebe" mark has caused

13   or is likely to cause confusion or mistake or to deceive customers, the general public, and

14   the retail trade as to: (a) the affiliation, connection, or association of forever 21 with bebe,

15   (b) the origin, sponsorship, or approval of forever 21's goods by bebe, and (c) source of

16   forever 21's goods, all in violation of California common law and to the great damage of

17   bebe and the public.

18   138.    forever 21's willful conduct of selling products labeled with the "bebe"

19   mark has and continues to deceived consumers, and forever 21 has received and

20   continues to receive profits from such deception.  Such conduct constitutes trademark

21   infringement and unfair competition under California common law.

22   139.    forever 21's trademark infringement and unfair competition has been and

23   continues to be willful and knowing or with reason to know.

24   140.    forever 21 is presently engaged in trademark infringement and unfair

25   competition under California common law, and unless immediately restrained and

26   enjoined, will continue to do so.  bebe's remedy at law is not by itself adequate to

27   compensate them for the harm inflicted and threatened by forever 21.

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

| 578947.4/0202261 | 28 | AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, ETC. |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

## ELEVENTH CLAIM FOR RELIEF

### (Trademark Dilution Under Calif. Bus. & Prof. Code § 14330)

141.    The preceding paragraphs are incorporated by this reference.

142.    The "bebe" mark constitutes a valid trademark under California common law.

143.    forever 21 willfully intended to trade on bebe's reputation and to cause dilution of bebe's famous mark.  Furthermore, forever 21's use of the "bebe" mark deprives bebe of its exclusive capacity to identify and distinguish bebe from other sources of clothing and accessories.  Such acts are likely to cause dilution of the distinctive qualify of bebe's famous mark in violation of Calif. Bus. & Prof. Code § 14330.

144.    forever 21 is presently engaged in trademark dilution under Calif. Bus. & Prof. Code § 14330, and unless immediately restrained and enjoined, will continue to do so.  bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

## TWELFTH CLAIM FOR RELIEF

### (Breach of Contract)

145.    The preceding paragraphs are incorporated by this reference.

146.    forever 21's use of the "bebe" mark breaches the settlement agreement identified in paragraphs 57 and 59 above.

147.    forever 21's use of the "bebe" mark violates the court order identified in paragraphs 58 and 59 above.

148.    forever 21's breach and violation are knowing and willful and injure bebe, the "bebe" mark, the goodwill associated with bebe and the "bebe" mark, and bebe's reputation for high-quality products.

149.    forever 21 is presently breaching the settlement agreement and violating the court order, and unless immediately restrained and enjoined, will continue to do so.

| | 29 | AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, ETC. |
|---|---|---|

bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

## THIRTEENTH CLAIM FOR RELIEF

### (Civil Conspiracy)

150.   The preceding paragraphs are incorporated by this reference.

151.   Defendants, and each of them, have agreed with each other and with non-parties to a common plan or design to commit the wrongful conduct described in this amended complaint.

152.   Defendants, and each of them, have actual knowledge of the wrongful conduct as planned and had a concurrent knowledge of its unlawful purpose.

153.   Defendants, and each of them, have engaged in wrongful conduct in furtherance of this conspiracy.

154.   bebe has been damaged under California common law in an amount to be proven at trial because of Defendants' conspiracy and wrongful conduct.

155.   Defendants are presently engaged in civil conspiracy, and unless immediately restrained and enjoined, will continue to do so. bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, bebe prays for relief as follows:

A.   For a judgment that forever 21 has infringed United States Copyright Registration Nos. VA 1-385-194, VA 1-385-195, VA 1-385-192, VA 1-385-197, VA 1-363-651, VA 1-363-650, VA 1-385-196, and VA 1-385-193 identified in paragraphs 13-20, pursuant to 17 U.S.C. § 501;

B.   For entry of a preliminary and permanent injunction enjoining and restraining forever 21, its officers, directors, agents, servants, employees and all other persons in privy or acting in concert with them from further infringement of Copyright

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1    Registration Nos. VA 1-385-194, VA 1-385-195, VA 1-385-192, VA 1-385-197, VA 1-

2    363-651, VA 1-363-650, VA 1-385-196, and VA 1-385-193 identified in paragraphs 13-

3    20, or any other copyrighted material owned by bebe, pursuant to 17 U.S.C. § 502;

4        C.    For entry of relief immediately impounding all infringing articles, and

5    destruction thereof, pursuant to 17 U.S.C. § 503;

6        D.    For an award to bebe of its actual damages and additional profits of the

7    infringers pursuant to 17 U.S.C. § 504;

8        E.    For a finding that the infringement by forever 21 was willful, and for an

9    additional award to bebe for forever 21's willful infringement, pursuant to 17 U.S.C. § 504;

10        F.    For an award of bebe's attorneys' fees, expenses and costs, including but not

11    limited to expert witnesses' fees, to bebe pursuant to 17 U.S.C. § 505;

12        G.    For entry of a preliminary and permanent injunction enjoining and

13    restraining forever 21, its officers, directors, agents, servants, employees and all other

14    persons in privy or acting in concert with them from further engaging in unlawful, unfair,

15    and fraudulent business acts and practices, pursuant to Cal. Bus. & Prof. Code Section

16    17203;

17        H.    For an award of restitution to bebe pursuant to Cal. Bus. & Prof. Code

18    Section 17203;

19        I.    For an award of bebe's attorneys' fees, expenses and costs, including but not

20    limited to expert witnesses' fees, to bebe pursuant to Cal. Code Civ. Pro. Section 1021.5;

21        J.    For entry of a preliminary and permanent injunction enjoining and

22    restraining forever 21, its officers, directors, agents, servants, employees and all other

23    persons in privy or acting in concert with them from further engaging in tortious

24    interference with prospective economic advantage, pursuant to California common law;

25        K.    For an award of compensatory damages to bebe for forever 21's tortious

26    interference with prospective economic advantage, pursuant to California common law;

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

L.     For an award of punitive damages to bebe for forever 21's aggravated, malicious, fraudulent, willful, and/or wanton tortious interference with prospective economic advantage, pursuant to California common law;

M.     For an award of exemplary and punitive damages to bebe for forever 21's misappropriation of bebe's designs, bebe's pool of qualified manufacturers, and the "bebe" trademark and associated goodwill, pursuant to California common law;

N.     For entry of a preliminary and permanent injunction enjoining and restraining forever 21, its officers, directors, agents, servants, employees and all other persons in privy or acting in concert with them from further engaging in misappropriation of bebe's designs, bebe's pool of qualified manufacturers, and the "bebe" trademark and associated goodwill, pursuant to California common law;

O.     For an award of damages to bebe for forever 21's violation of Section 43(a) of the Lanham Act with respect to bebe's designs, pursuant to California common law;

P.     For entry of a preliminary and permanent injunction enjoining and restraining forever 21, its officers, directors, agents, servants, employees and all other persons in privy or acting in concert with them from further violating Section 43(a) of the Lanham Act with respect to bebe's designs, pursuant to California common law;

Q.     For an award of damages to bebe for forever 21's reverse palming-off of bebe's designs, pursuant to California common law;

R.     For entry of a preliminary and permanent injunction enjoining and restraining forever 21, its officers, directors, agents, servants, employees and all other persons in privy or acting in concert with them from further reverse palming-off of bebe's designs, pursuant to California common law;

S.     For an award of exemplary and punitive damages to bebe for forever 21's civil conspiracy to commit the wrongful conduct described in this amended complaint, pursuant to California common law;

1    T.    For entry of a preliminary and permanent injunction enjoining and

2    restraining forever 21, its officers, directors, agents, servants, employees and all other

3    persons in privy or acting in concert with them from further conspiracy to commit the

4    wrongful conduct described in this amended complaint, pursuant to California common

5    law;

6    U.    For entry of a preliminary and permanent injunction enjoining and

7    restraining forever 21, its officers, directors, agents, servants, employees and all other

8    persons in privy or acting in concert with them from further infringement and dilution of

9    the trademarks identified in paragraphs 39-52 above and from committing further

10   violations of Section 43(a) of the Lanham Act, pursuant to 15 U.S.C. § 1116;

11   V.    For an award to bebe of forever 21's profits unlawfully obtained by way of

12   its infringing and diluting trademark uses and its violations of Section 43(a) of the Lanham

13   Act, pursuant to 15 U.S.C. § 1117;

14   W.    For an award to bebe of treble damages, statutory damages, prejudgment

15   interest, and reasonable attorneys' fees against forever 21 for its trademark infringement

16   and dilution and its violations of Section 43(a) of the Lanham Act, pursuant to 15 U.S.C. §

17   1117;

18   X.    For entry of an order to destroy all of forever 21's products and other

19   unlawful uses of the "bebe" mark in the possession, custody, or control of forever 21 or its

20   officers, directors, agents, servants, employees and all other persons in privy or acting in

21   concert with them, pursuant to 15 U.S.C. § 1118;

22   Y.    For entry of a preliminary and permanent injunction enjoining and

23   restraining forever 21, its officers, directors, agents, servants, employees and all other

24   persons in privy or acting in concert with them from further trademark infringement and

25   unfair competition, pursuant to California common law;

26   Z.    For entry of a preliminary and permanent injunction enjoining and

27   restraining forever 21, its officers, directors, agents, servants, employees and all other

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

578947.4/0202261

33

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT, UNFAIR COMPETITION, ETC.

1    persons in privy or acting in concert with them from further trademark dilution, pursuant to

2    Calif. Bus. & Prof. Code § 14330;

3        AA.    For an award of damages to bebe for forever 21's breach of a settlement

4    agreement between bebe stores, inc. and the predecessors-in-interest to forever 21 in bebe

5    stores, inc. v. Fashion 21, Inc. et al., Civ. No. C-01-1451 (MJJ);

6        BB.    For an award of bebe's attorneys' fees, expenses and costs, including but not

7    limited to expert witnesses' fees, to bebe for forever 21's breach of the settlement

8    agreement in bebe stores, inc. v. Fashion 21, Inc. et al., Civ. No. C-01-1451 (MJJ);

9        CC.    For an award of damages to bebe for forever 21's violation of the Final

10   Consent Judgment and Permanent Injunction entered by this Court on February 8, 2002 in

11   bebe stores, inc. v. Fashion 21, Inc. et al., Civ. No. C-01-1451 (MJJ);

12       DD.    For an award of bebe's attorneys' fees, expenses and costs, including but not

13   limited to expert witnesses' fees, to bebe for forever 21's violation of the Final Consent

14   Judgment and Permanent Injunction entered by this Court on February 8, 2002 in bebe

15   stores, inc. v. Fashion 21, Inc. et al., Civ. No. C-01-1451 (MJJ); and

16       EE.    For an award to bebe of such other and further relief as this Court deems just

17   and proper.

18       DATED this 18th day of May, 2007.

19                                    BRYAN CAVE LLP

20
                                     By
21
                                        Sean K. McElenney
22                                      George C. Chen
                                        Two N. Central Avenue, Suite 2200
23                                      Phoenix, AZ  85004-4406

24
                                        Attorneys for Plaintiffs
25                                      bebe stores, inc. and bebe studio, inc.

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1

## DEMAND FOR JURY TRIAL

2      In accordance with Federal Rule of Civil Procedure 38(b), Plaintiffs bebe stores,

3  inc. and bebe studio, inc. demand a trial by jury on all issues triable by a jury.

4      DATED this 18th day of May, 2007.

5                                          BRYAN CAVE LLP

6

7                                          By

8                                            Sean K. McElenney
                                             George C. Chen
9                                            Two N. Central Avenue, Suite 2200
                                             Phoenix, AZ 85004-4406

10

11                                           Attorneys for Plaintiffs
                                             bebe stores, inc. and bebe studio, inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

| 578947.4/0202261 | 35 | AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, ETC. |

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is Two N. Central Avenue, Suite 2200, Phoenix, AZ 85004-4406.

On May 18, 2007, I served the foregoing document, described as Amended Complaint for Copyright Infringement, Tortious Interference With Prospective Economic Advantage, Misappropriation, Lanham Act Violations, Reverse Palming Off, Unfair Competition, Conspiracy, Trademark Infringement, Trademark Dilution, and Breach of Contract on each interested party in this action, as follows:

> Paul L. Warner, Esq.
> J.T. Wells Blaxter, Esq.
> Jeffer, Mangels, Butler & Marmaro LLP
> Two Embarcadero Center, Fifth Floor
> San Francisco, CA 94111-3824
> Attorneys for Defendants

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☒ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Phoenix, AZ. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (BY FEDERAL EXPRESS) I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☐ (BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (602) 364-7070 to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served. A true copy of each such transmission report is attached hereto.

Executed on May 18, 2007 at Phoenix, Arizona.

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

_Cathy Russell_
Cathy Russell

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000