30. To date, bebe has discovered these Infringing Garments, and there may well be others. Given the distinctiveness of bebe's designs and that forever 21 seeks to compete in bebe's market niche by providing fashionable clothes for younger women, the same demographic in which bebe has been extremely successful, it is evident that forever 21 has willfully copied the bebe Copyrighted Designs as well as the bebe Custom Designs.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Against forever 21)

31. The preceding paragraphs are incorporated by this reference.

32. forever 21 has infringed bebe's registered copyrights identified in paragraphs 12-19 above, through forever 21's reproduction, preparation of derivative works, and/or distribution of the virtually identical Knock-Off Designs on at least the Infringing Garments identified in paragraph 26 and sold throughout forever 21's stores, including those stores found in this District.

33. As demonstrated by forever 21's desire to compete in bebe's market niche, forever 21's infringement of bebe's registered copyrights is willful. In designing its Infringing Garments, forever 21 had access to the bebe lines of apparel. forever 21's Knock-Off Designs are identical or virtually identical to bebe's registered copyrights, and forever 21's use of identical designs for identical purposes on competing goods demonstrates its willful infringement.

34. bebe has been damaged by the willful infringement of forever 21 in an amount to be determined at trial.

35. forever 21 has been unjustly enriched by the receipt of profits on its sale of Infringing Garments in an amount to be determined at trial.

36. As a direct result of the infringement by forever 21, bebe has suffered, and will continue to suffer, irreparable harm, including, but not limited to, harm to its business reputation and goodwill.

37. forever 21 is presently engaged in the sale of Infringing Garments, and unless immediately restrained and enjoined, will continue to do so. bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition Pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq. Against forever 21)

38. The preceding paragraphs are incorporated by this reference.

39. The California Unfair Business Practices Act, Bus. & Prof. Code §§ 17200 et seq. ("Section 17200"), defines unfair competition as any "unlawful, unfair or fraudulent business act or practice." Section 17200 provides for injunctive relief and restitution to persons harmed by unfair competition.

40. forever 21 competes in the market to provide fashionable clothes for younger women and increase its market share and competitiveness by knocking off bebe's original creative designs, including but not limited to its Custom Designs.

41. By engaging in this practice, forever 21 has engaged, and will continue to engage, in unfair competition as defined by Section 17200. These acts and practices violate Section 17200 in at least the following respects:

    a) forever 21 has engaged, and will continue to engage, in the unfair business practice of not investing in the creation of its own original creative designs, or paying third parties to create other designs for it, and in forever 21's reproduction and/or distribution of at least the Infringing Garments identified in paragraph 30, which forever 21 seeks to have compete with bebe's garments; and

    b) forever 21 has engaged, and will continue to engage, in the unlawful, unfair and fraudulent business practice of reproducing and/or distributing at least the Knock-Off Designs identified in paragraph

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

30, which are identical or nearly identical copies of bebe's Custom Designs.

42. As a direct result of unfair competition by forever 21, bebe has suffered, and will continue to suffer, irreparable harm. Because of forever 21's unlawful, unfair, intentional and fraudulent business acts and practices, once customers learn that forever 21 has a practice of pirating and reproducing bebe's garments, they will refrain from purchasing bebe's more expensive garments and wait to purchase the knocked-off, less expensive garments sold by forever 21 with virtually identical designs.

43. As a direct result of unfair competition by forever 21, bebe has suffered, and will continue to suffer, irreparable harm, including, but not limited to, harm to its business reputation and goodwill. Because of forever 21's unlawful, unfair, intentional, and fraudulent business acts and practices, once customers learn that forever 21 and bebe produce apparently identical garments, bebe's reputation and goodwill will be irreparably harmed.

44. forever 21 has been unjustly enriched by its unfair, unlawful, intentional, and deceptive practices in a sum to be determined at trial.

45. bebe has been damaged by the unfair, unlawful, intentional, and deceptive practices of forever 21 in a sum to be determined at trial.

46. forever 21 is presently engaged in the sale of Infringing Garments and Knock-Off Designs, and unless immediately restrained and enjoined, will continue to do so. bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

### THIRD CLAIM FOR RELIEF
### (Tortious Interference with Prospective Business Advantage Against Forever21)

47. The preceding paragraphs are incorporated by this reference.

48. California common law defines the elements of tortious interference with prospective economic advantage as: (1) an economic relationship between a first party and its customers, with the probability of future economic benefit to the first party; (2) a

second party's knowledge of the economic relationship; (3) the second party's intentional act(s) to disrupt the economic relationship; (4) actual disruptions of the relationship; and (5) economic harm to the first party proximately caused by the second party's acts.

49.  bebe has an economic relationship with its customers, including but not limited to its fashionable and famous clientele, and bebe reasonably expects future economic benefit from such customers.

50.  forever 21 has knowledge of bebe's economic relationships.

51.  forever 21 competes in the market to provide fashionable clothes for younger women and increase its market share and competitiveness by intentionally, illegally, maliciously, fraudulently, and wantonly knocking off bebe's original creative designs, including but not limited to its Custom Designs.

52.  forever 21's acts have disrupted bebe's economic relationships.

53.  forever 21's acts have proximately caused bebe's economic harm.

54.  As a direct result of forever 21's acts, bebe has suffered, and will continue to suffer, irreparable harm. Because of forever 21's unlawful, unfair, intentional, malicious, wonton and fraudulent business acts and practices, once customers learn forever 21 has a practice of pirating and reproducing bebe's garments, they will refrain from purchasing bebe's more expensive garments. In some instances, bebe's customers may even wait to purchase the knocked-off, less expensive garments sold by forever 21 with virtually identical designs.

55.  As a direct result of forever 21's acts, bebe has suffered, and will continue to suffer, irreparable harm, including, but not limited to, harm to its business reputation and goodwill. Because of forever 21's unlawful, unfair, intentional, malicious, wonton and fraudulent business acts and practices, once customers learn that forever 21 and bebe produce apparently identical garments, bebe's reputation and goodwill will be irreparably harmed.

56. forever 21 has been unjustly enriched by its unfair, unlawful, intentional, malicious, wonton, fraudulent and deceptive practices in a sum to be determined at trial.

57. bebe has been damaged by the unfair, unlawful, intentional, malicious, wonton, fraudulent and deceptive practices of forever 21 in a sum to be determined at trial.

58. forever 21 is presently engaged in the sale of Infringing Garments and Knock-Off Designs, and unless immediately restrained and enjoined, will continue to do so. bebe's remedy at law is not by itself adequate to compensate them for the harm inflicted and threatened by forever 21.

## PRAYER FOR RELIEF

WHEREFORE, bebe prays for relief as follows:

A. For a judgment that forever 21 has infringed United States Copyright Registration Nos. VA 1-385-194, VA 1-385-195, VA 1-385-192, VA 1-385-197, VA 1-363-651, VA 1-363-650, VA 1-385-196, and VA 1-385-193 identified in paragraphs 12-19, pursuant to 17 U.S.C. § 501;

B. For entry of a preliminary and permanent injunction enjoining and restraining forever 21, its officers, directors, agents, servants, employees and all other persons in privy or acting in concert with them from further infringement of Copyright Registration Nos. VA 1-385-194, VA 1-385-195, VA 1-385-192, VA 1-385-197, VA 1-363-651, VA 1-363-650, VA 1-385-196, and VA 1-385-193 identified in paragraphs 12-19, or any other copyrighted material owned by bebe, pursuant to 17 U.S.C. § 502;

C. For entry of relief immediately impounding all infringing articles, and destruction thereof, pursuant to 17 U.S.C. § 503;

D. For an award to bebe of its actual damages and additional profits of the infringer pursuant to 17 U.S.C. § 504;

E. For a finding that the infringement by forever 21 was willful, and for an additional award to bebe for forever 21's willful infringement, pursuant to 17 U.S.C. § 504;

1  F.  For an award of bebe's attorneys' fees, expenses and costs, including but not limited to expert witnesses' fees, to bebe pursuant to 17 U.S.C. § 505;

G.  For entry of a preliminary and permanent injunction enjoining and restraining forever 21, its officers, directors, agents, servants, employees and all other persons in privy or acting in concert with them from further engaging in unlawful, unfair, and fraudulent business acts and practices, pursuant to Cal. Bus. & Prof. Code Section 17203;

H.  For an award of restitution to bebe pursuant to Cal. Bus. & Prof. Code Section 17203;

I.  For an award of bebe's attorneys' fees, expenses and costs, including but not limited to expert witnesses' fees, to bebe pursuant to Cal. Code Civ. Pro. Section 1021.5;

J.  For entry of a preliminary and permanent injunction enjoining and restraining forever 21, its officers, directors, agents, servants, employees and all other persons in privy or acting in concert with them from further engaging in tortious interference with prospective economic advantage, pursuant to California common law;

K.  For an award of compensatory damages to bebe for forever 21's tortious interference with prospective economic advantage, pursuant to California common law;

L.  For an award of punitive damages to bebe for forever 21's aggravated, malicious, fraudulent, willful, and/or wanton tortious interference with prospective economic advantage, pursuant to California common law; and

M.  For an award to bebe of such other and further relief as this Court deems just and proper.

/ / /

/ / /

/ / /

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1 | DATED this 2nd day of January, 2007.

BRYAN CAVE LLP

By /s/ Sean K. McElenney
Sean K. McElenney
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406

Attorney for Plaintiffs
bebe stores, inc. and bebe studio, inc.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiffs bebe stores, inc. and bebe studio, inc. demand a trial by jury on all issues triable by a jury.

DATED this 2nd day of January, 2007.

BRYAN CAVE LLP

By _/s/ Sean K. McElenney_
Sean K. McElenney
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406

Attorney for Plaintiffs
bebe stores, inc. and bebe studio, inc.

---

558611/0202261 | 18 | COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, ETC.

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-385-194**

EFFECTIVE DATE OF REGISTRATION

11 / 28 / 06

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** Title of This Work ▼: Tulip Field
NATURE OF THIS WORK ▼ See instructions: Print Design On Fabric

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2 a** NAME OF AUTHOR ▼: bebe Studio, Inc.
DATES OF BIRTH AND DEATH  Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"? ☑ Yes ☐ No
Author's Nationality or Domicile: Citizen of ___ OR Domiciled in United States
Was This Author's Contribution to the Work: Anonymous? ☐ Yes ☑ No   Pseudonymous? ☐ Yes ☑ No

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☑ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**b** Name of Author ▼
Dates of Birth and Death  Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No
Author's Nationality or Domicile: Citizen of ___ OR Domiciled in ___
Was This Author's Contribution to the Work: Anonymous? ☐ Yes ☐ No   Pseudonymous? ☐ Yes ☐ No

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3 a** Year in Which Creation of This Work Was Completed: 2006
**b** Date and Nation of First Publication of This Particular Work: Month July   Day 19   Year 2006   Nation United States

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
bebe Studio Inc.
400 Valley Dr., Brisbane CA 94005

APPLICATION RECEIVED NOV 28 2006
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED NOV 28 2006
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-8) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages